UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTA LADEAL KYLE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA VICTIM COMPENSATION BOARD, et al.,<br><br>Defendants. | No. 2:21-cv-0479 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] In light of the recommendation that this action be dismissed, the undersigned defers ruling on plaintiff's request to proceed in forma pauperis. If leave to file in forma pauperis is granted, plaintiff will still be required to pay the $350.00 filing fee but will be allowed to pay it in installments.

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Plaintiff alleges that the California Victim Compensation Board approved plaintiff's claim submitted for the murder of his father, but has not yet paid plaintiff.  Plaintiff seeks the $70,000.00 amount approved on April 1, 2020, and an additional $70,000.00 for the violation of plaintiff's Fifth Amendment right to property.  (ECF No. 1 at 3, 6.)

Plaintiff is advised that he cannot state a cognizable federal civil rights claim against the California Victim Compensation Board because the board is not a person, as required under 42 U.S.C. § 1983.  In addition, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claim against the Board is legally frivolous and must be dismissed.

1    Because plaintiff cannot amend his complaint to state a cognizable civil rights claim based
2    on the alleged failure of the California Victim Compensation Board to pay plaintiff's victim
3    claim, it would be futile to grant plaintiff leave to amend.
4    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign
5    a district judge to this case.
6    Further, IT IS HEREBY RECOMMENDED that this action be dismissed without
7    prejudice.
8    These findings and recommendations are submitted to the United States District Judge
9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
10   after being served with these findings and recommendations, plaintiff may file written objections
11   with the court and serve a copy on all parties.  Such a document should be captioned
12   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
13   failure to file objections within the specified time may waive the right to appeal the District
14   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15   Dated:  April 9, 2021

/cw/kyle0479.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE